UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDULAHI NUR IBRAHIM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES ,<br><br>　　　　　Defendant. | CASE NO. 2:23-cv-227<br><br>ORDER |

　　　The Court raises this matter sua sponte.

　　　On January 30, 2024, the Court ordered Plaintiff Abdulahi Nur Ibrahim to serve Defendant United States with process under Rule 4(i) within 60 days of the Court's order. Dkt. No. 8. The Court expressly noted that the procedure for serving process on the United States is governed by Rule 4(i), which is distinct from the rules governing service on private parties. Dkt. No. 8 (citing Fed. R. Civ. P. 4(i)). The Court cited and quoted 22 C.F.R. § 172.2, which specifically governs service of process on the U.S. Department of State. *Id.* In granting him 60 days to comply with these rules and regulations, the Court warned Ibrahim that failure to comply could

**ORDER** - 1

result in dismissal of this action. *Id.* The Court also encouraged Ibrahim to seek legal counsel to pursue his claims *Id.*

As of this date, Ibrahim has offered no proof of compliance with Rule 4(i). *See generally* Dkt. Under Rule 4(m), a plaintiff is required to serve process on a defendant within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). Absent good cause, a district court may dismiss an action for a plaintiff's failure to comply with Rule 4(m). *Id.* Additionally, under Rule 41(b), a district court may dismiss an action for failure to prosecute or to comply with the Civil Rules or a court order. *See* Fed. R. Civ. P. 41(b). The Court's power to dismiss an action for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Australasia Charterers Ltd. v. Worldwide Bulk Shipping Pte Ltd.*, No. C21-98 RSM, 2023 WL 7300966, at *1 (W.D. Wash. Nov. 6, 2023) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)) (cleaned up); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that district courts may sua sponte dismiss actions under Rule 41(b) for failure to comply with court orders and/or failure to prosecute).

Ibrahim must submit a short statement, not to exceed six (6) pages, explaining why this case should not be dismissed for failure to serve process and failure to prosecute. The Court ORDERS Ibrahim to file a Response to this Order to Show Cause no later than thirty (30) days from the date of this Order. Failure to file this Response will result in dismissal of Ibrahim's action.

The Clerk of the Court is directed to place this Order to Show Cause on the Court's calendar for October 3, 2024.

It is so ORDERED.

Dated this 3rd day of September, 2024.

Jamal N. Whitehead
United States District Judge

**ORDER** - 3