UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDULAHI NUR IBRAHIM, | CASE NO. 2:23-cv-227 |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| UNITED STATES , | |
| Defendant. | |

      Plaintiff Abdulahi Nur Ibrahim initiated this action in February 2023, requesting "the court's assistance with obtaining passports for [his] children who were not processed by a federal agent at the US embassy in Kenya." Dkt. No. 1. In March 2023, Judge John H. Chun issued an order to show cause, instructing Ibrahim to explain the basis of the Court's jurisdiction, Dkt. No. 5. One week later, Ibrahim responded with additional facts to support his claim. Dkt. No. 6.

      Later, in September 2023, Ibrahim moved for default against "US Embassy in Kenya" and the "US State Department," representing that Defendants had been served with process but had not timely appeared or answered. Dkt. No. 7. Ibrahim included a DHL receipt, with information for a package purportedly "shipped to" the

**DISMISSAL** ORDER - 1

US embassy in Kenya, "US embassy representative," "US embassy in Kenya passport servic[e]," at United Nations Avenue Limuru Rd., Nairobi, Kenya. *Id.*

In January 2024, this Court issued an Order denying Plaintiff's motion for default. Dkt. No. 8. The Court explained that Ibrahim had failed to prove service of process in accordance with the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 4(i), and the federal regulation governing service of process on the Department of State, *see* 22 C.F.R. § 172.2. Dkt. No. 8. Therefore, default was inappropriate. *Id.* The Court also found that—"[a]s tenuous as Ibrahim's claims may be"—Ibrahim had pled sufficient facts to establish that "he may be able to maintain the Court's jurisdiction." *Id.* The Court therefore granted Ibrahim leave to amend his complaint and ordered him to properly effect service of process within 60 days. *Id.* The Court expressly warned that "[f]ailure to serve the Defendant could result in dismissal of this action." *Id.*

Subsequently, Ibrahim failed to prove service of process within 60 days. *See* Dkt. Indeed, he has filed no docket entries with the Court since his March 2023 response to Judge Chun's Order to Show Cause. *Id.* As a result, on September 3, 2024, this Court issued an Order to Show Cause, instructing Ibrahim to "submit a short statement, not to exceed six (6) pages, explaining why this case should not be dismissed for failure to serve process and failure to prosecute." Dkt. No. 9. The Court ordered Ibrahim to "file a Response to this Order to Show Cause no later than thirty (30) days from the date of this Order" and warned that "[f]ailure to file this Response will result in dismissal of Ibrahim's action." *Id.*

**DISMISSAL** ORDER - 2

As of this date, Ibrahim has failed to respond to the Court's Order to Show Case, has failed to prove service of process, and has generally failed to prosecute this action. Accordingly, the Court DISMISSES this action without prejudice for failure to serve process and failure to prosecute.

It is so ORDERED.

Dated this 7th day of October, 2024.

Jamal N. Whitehead
United States District Judge

**DISMISSAL** ORDER - 3